UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| KENNETH SHEARER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JILL MILLER, *et al.*,  )<br>)<br>Defendants.  )<br>) | Civil Action No. 0:20-cv-066-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

Plaintiff Kenneth Shearer is an inmate confined at the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. Proceeding without an attorney, Shearer has filed a civil rights complaint against prison officials pursuant to 42 U.S.C. § 1983. [R. 1.] By separate order, the Court granted Shearer's motion to proceed without prepayment of the filing fee. [R. 7.] Thus, this matter is now before the Court to conduct a preliminary review of Shearer's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because Shearer is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Shearer's factual allegations as true and liberally construes Shearer's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Shearer alleges that Defendants Jill Miller and Dr. Frederick Kemen have acted with deliberate indifference to Shearer's medical needs related to treatment for diabetic-related issues concerning his feet and toes. [R. 1.] He seeks to bring Eighth Amendment claims against both Miller and Dr. Kemen related to his medical care pursuant to 42 U.S.C. § 1983. *Id*. In addition to monetary damages, he seeks a "preliminary and permanent injunction ordering defendant Jill Miller and the EKCC Medical Department" to provide him with certain medical footwear recommended by a podiatrist to treat his serious medical needs. *Id*. He sues both Miller and Kemen in their individual and official capacities. *Id*.

The Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and concludes that it warrants a response from both Defendants in their individual capacities. With respect to Shearer's "official capacity" claims, an official capacity claim against a state officer is actually a claim directly against the state agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). According to Shearer, Miller is employed by the EKCC, a Kentucky Department of Corrections ("KDOC") facility, and Dr. Kemen is employed by Wellpath, a medical contractor for EKCC. Thus, Shearer's "official capacity" claim against Miller is construed against the KDOC, and the "official capacity" claim against Dr. Kemen is construed against Wellpath.

To the extent that Shearer seeks monetary damages against Defendants in their official capacities, the KDOC is not subject to suit for damages under § 1983 in federal court, both because a state agency is not a "person" subject to liability under § 1983, and because the

Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Roach & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities."). Thus, Shearer may not pursue an "official capacity" claim against Miller seeking monetary damages.

In addition, Shearer's "official capacity" claim against Wellpath seeking monetary relief is also barred as currently pled. A private corporation that performs a public function, such as contracting with the state to provide medical care in its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748-49. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Thus, as with a county government, Wellpath is only responsible under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th

Cir. 2010). Shearer has not alleged or identified a policy or custom of Wellpath that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employee. Accordingly, Shearer's complaint fails to state a constitutional claim against Wellpath or its employee in their official capacities. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). For these reasons, his "official capacity" claims against Dr. Kemen shall be dismissed.

However, while the Eleventh Amendment ordinarily bars suits against the States and their respective entities, an exception exists for claims of prospective injunctive relief. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989); *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009). Thus, to the extent that Shearer's "official capacity" claim against Miller seeks injunctive relief, it may proceed, although it is properly characterized as claims against KDOC.[1] For this reason, the Court will direct the Clerk of the Court to add the KDOC as a defendant to respond to Shearer's "official capacity" claim against Miller. Because the Court has granted Shearer *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve Defendants with summons and a copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Shearer has also filed a multiple motions related to his prior request seeking the appointment of counsel, including a second motion to appoint counsel [R. 8] and a motion for reconsideration of the Court's denial of Shearer's first motion to appoint counsel. [R. 10.] In his second motion to appoint counsel, Shearer submits copies of letters from law firms declining his requests to represent him in this case. [R. 8-1.] And in his motion to reconsider, he states that

---

[1] Shearer's complaint seeks injunctive relief only against "Miller and the EKCC medical department," not against Dr. Kemen or Wellpath.

4

his lack of knowledge of the law and his job obligations at EKCC both limit his ability to represent himself in this action. [R. 10.] However, as the Court has previously explained, "[t]he appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).

However, neither the fact that lawyers have declined Shearer's requests for representation, nor that Shearer has his own employment obligations, justify the appointment of counsel in this proceeding. And, while the Court appreciates that Shearer has limited knowledge of the law, the same is true of many *pro se* prisoner litigants. The Court has re-reviewed the complaint and other pleadings filed so far in this case and adheres to its prior conclusion that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for Shearer.

Finally, Shearer has also filed a motion related to the payment of the initial partial filing fee in this case. [R. 11.] On June 19, 2020, the Court granted Shearer's motion for leave to proceed *in forma pauperis* and directed him to pay an initial partial filing fee of $60.01 to the Clerk of the Court within twenty-eight (28) days from the date of the Order. [R. 7.] Shearer's motion requests an extension of time to pay the initial partial filing fee, explaining that, among other reasons, he was recently taken to the hospital to have a toe amputated and was required to quarantine for 14 days upon his arrival back at the EKCC. The Court finds the requested extension warranted and reasonable. Thus, the Court will grant the request and provide an extension of an additional 30 days from the date of this Order within which Shearer must pay his

5

initial partial filing fee. However, Shearer is advised that the failure to pay $60.01 as an initial partial filing fee to the Clerk of the Court within 30 days from the date of this Order may result in the dismissal of this case for failure to prosecute. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's "official capacity" claim against Defendant Dr. Frederick Kemen is **DISMISSED**.

2. Plaintiff's "official capacity" claim against Defendant Jill Miller shall be construed as being made against the Kentucky Department of Corrections. Accordingly, the Clerk of the Court shall **ADD** the Kentucky Department of Corrections as a Defendant.

3. Plaintiff's individual capacity claims against Defendants Jill Miller and Dr. Frederick Kemen **REMAIN PENDING**.

4. The Ashland Deputy Clerk shall prepare "Service Packets" for service upon Defendants Jill Miller and Dr. Frederick Kemen in their respective individual capacities; Jill Miller in her official capacity; and the Kentucky Department of Corrections. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. the Order granting Shearer pauper Plaintiff *in forma pauperis* status [R. 7];

    d. this Order; and

    e. a completed USM Form 285.

5. The Ashland Deputy Clerk shall send the Service Packet to the United States Marshals Service in Lexington, Kentucky, and note the date of delivery in the docket.

6. The United States Marshals Service shall make arrangements with the appropriate officials at the Eastern Kentucky Correctional Complex to personally serve Defendants Jill Miller and Dr. Frederick Kemen at the following address:

    Eastern Kentucky Correctional Complex
    200 Road to Justice
    West Liberty, KY  41472

7. The United States Marshals Service shall serve the Kentucky Department of Corrections by sending the Service Packet by certified mail, restricted delivery to addressee, return receipt requested to:

    Kentucky Attorney General Daniel Cameron
    700 Capital Avenue, Suite 118
    Frankfort, Kentucky  40601-3449

8. Shearer's second motion to appoint counsel **[R. 8]** and a motion for reconsideration of the Court's denial of Shearer's first motion to appoint counsel **[R. 10]** are **DENIED**.

9. Shearer's motion for an extension of time **[R. 11]** is **GRANTED**.

10. Within 30 days from the date of this Order, Shearer must pay $60.01 to the Clerk of the Court as an initial partial filing fee.  28 U.S.C. § 1915(b)(1)(A).  **The Court may summarily dismiss this action for failure to prosecute and for failure to comply with an order of the Court if Shearer fails to pay the amount required above within the time permitted.**

11. Shearer must immediately advise the Clerk's Office of any change to his current mailing address. **Failure to do so may result in dismissal of this case.**

12. If Shearer wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office, which includes the case number associated with this action. Every motion Shearer files must include a written certification that he has mailed a copy of it to the defendants or their counsel, with the date of mailing. **The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.**

This the 13th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge