UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| KENNETH SHEARER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 0:20-cv-00066-GFVT-CJS |
| v. | ) | |
| | ) | |
| JILL MILLER, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report & Recommendation filed by United States Magistrate Judge Candace J. Smith. [R. 57.] The Plaintiff, Kenneth Shearer, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the Defendants violated his civil rights. [R. 1.] The Defendants filed a Motion for Summary Judgment, arguing that there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law. [R. 41.] Judge Smith then prepared a Report & Recommendation. [R. 57.]

After considering the record, Judge Smith determined that the Motion for Summary Judgment should be granted. Mr. Shearer alleges that the Defendants violated his Eighth Amendment rights through deliberate indifference to his medical needs. [R. 1.] Judge Smith first found that Mr. Shearer's claim against Defendant Miller is barred by the statute of limitations and exhaustion requirements. Kentucky's one-year statute of limitations for personal injury actions applies to Mr. Shearer's claims. [R. 13 at 2 (citing *Stucker v. Louisville Metro Government*, 2021 WL 3754548, at \*2 (W.D. Ky. Aug. 24, 2021)).] In addition, the Prison Litigation Reform Act requires Mr. Shearer to fully exhaust available administrative procedures.

*See* 42 U.S.C. § 1997e(a).  Judge Smith found that dismissal of Mr. Shearer's claims against Ms. Miller is warranted because Mr. Shearer did not "exhaust[] his administrative remedies with respect to this grievance as required by the PLRA" and "Shearer's cause of action related to the orthopedic shoes falls outside the statute of limitations period."  [R. 57 at 13.]

Judge Smith also recommended that the Court dismiss Mr. Shearer's claims on the merits.  A deliberate indifference claim has an objective and a subjective component, requiring that a plaintiff show that he had a serious medical need but received care "so cursory as to amount to not treatment at all" and that the defendants knew of the medical need and disregarded its risks.  *See Phillips v. Tangilag*, 14 F.4th 524, 532, 551 (6th Cir. 2021).

First, Judge Smith determined that Mr. Shearer's deliberate indifference claim against Defendant Miller fails as a matter of law.  Judge Smith found that he fails to establish the objective prong because, though "there was some confusion about the type of shoes Shearer needed," he received adequate treatment under the Eighth Amendment.  [R. 57 at 17.]  Specifically, Mr. Shearer saw outside specialists, was permitted to wear shower shoes at all times, and receive drysol sprays to manage his hyperhidrosis.  *Id.*   Moreover, Mr. Shearer did not provide evidence "establishing that the course of treatment he received was inadequate."  *Id.* at 18.  Judge Smith also found that Mr. Shearer fails to establish the subjective component against Defendant Miller because "there is no evidence that she subjectively knew the risk of harm in delaying Shearer's footwear and chose to disregard it." *Id.* at 19.  Thus, Judge Smith found that a jury could not conclude that Defendant Miller was deliberately indifferent to Mr. Shearer's claimed serious medical need.  *Id.* at 20.

Second, Judge Smith found that Mr. Shearer's deliberate indifference claim against Defendant Kemen fails as a matter of law.  When Mr. Shearer visited the medical department on

2

August 2, he complained of "minimal pain" and swelling in his feet. *Id.* at 20. Dr. Kemen recommended taking a culture of Mr. Shearer's foot wound and moving up Mr. Shearer's next appointment with his podiatrist. *Id.* Judge Smith found that Mr. Shearer failed to meet the objective prong against Dr. Kemen because nothing "indicates that the course of action Defendant Kemen directed was 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). Judge Smith also found that Mr. Shearer fails to meet the subjective prong because "Shearer offers no evidence that Defendant Kemen recognized that risk during Shearer's August 2, 2019 appointment and chose to disregard it." *Id.* at 22.

Mr. Shearer did not file objections to the Report and Recommendation. Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record and it agrees with the Magistrate Judge's recommendation. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Candace J. Smith's Report and Recommendation [**R. 57**] is **ADOPTED** as and for the Opinion of the Court;

2. Defendants Jill Miller and Dr. Frederick Kemen's Motion for Summary Judgment **[R. 41]** is **GRANTED**;

3

3. Kenneth Shearer's claims against the Defendants are **DISMISSED**; and

4. An appropriate judgment will be entered herewith.

This the 7th day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge